No. 3225.—GLASSCOCK & MOORE *v.* WILLIAM WELLS.

A combination of parties during the late war, and after the city of New Orleans had been captured by the United States forces, to carry on trade and commerce between said city and the surrounding country, outside of the United States military lines, was illegal. The courts will not, therefore, give effect to or enforce demands or obligations growing out of such illicit transactions.

APPEAL from Sixth Judicial District Court, parish of Livingston. *Ellis,* J.  *T. & J. Ellis,* for plaintiffs and appellees.  *R. H. Marr* and *Julius E. Wilson,* for defendant and appellant.

This case was tried by a jury in the court below.

HOWE, J.  This was an action to recover $7828 20, alleged to be due for cotton sold and delivered in 1863. The answer was a general denial and a plea in reconvention for $15,871. The cause was tried by a jury, who rendered a verdict in favor of plaintiffs for $3500, and from a judgment rendered thereon the defendant has appealed.

The principal point made in this court by the appellant is that the transactions of the parties hereto, out of which the claim arose, were illicit, constituting an unlawful combination on their part to run goods from New Orleans to Madisonville and other places outside the military lines of the United States forces, and to run cotton into New Orleans from such outside points—an agreement for blockade running, inward and outward, the profits on the cotton, the inward cargoes, to belong to one party, and the profits on the goods, the outward cargoes, to belong to the other party.

We are satisfied from the evidence that this position of defendant is correct, and that neither party to this litigation can recover upon the cause of action set up. The fact that both parties resided on the same side of the lines can not change our conclusion, which is, not that the parties were enemies and could not contract with each other, but that, having power to contract, they made an unlawful agreement. 22 An. 216. An agreement the fruits of which we will not undertake to divide.

It is therefore ordered that the judgment appealed from be avoided and reversed, and the verdict set aside. It is further ordered that there be judgment in favor of defendant, with costs

Rehearing refused.